IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| YASHIKA L. MABRY, | |
| Plaintiff, | |
| v. | Civil Action No. 8:13-cv-02059-AW |
| CAPITAL ONE, N.A., | |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court are Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File Surreply. The Court has reviewed the record and deems a hearing unnecessary. For the reasons that follow, the Court **DENIES** Defendant's Motion to Dismiss and **DENIES AS MOOT** Plaintiff's Motion for Leave to File Surreply.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an African-American female. Defendant is an employer that apparently has one or more offices in Prince George's County, Maryland. Plaintiff worked for Defendant from October 2011 to September 27, 2012. Plaintiff's title was "District Manager I." Doc. No. 8 ¶ 5. From October 2011 to March 2012, Michael Pugh supervised Plaintiff. George Swygert, a white male, succeeded Pugh as Plaintiff's supervisor. Between March 2012 and September 27, 2012, according to Plaintiff, Swygert engaged in the following conduct: (1) he lied to others that Plaintiff had been fired from a previous employer; (2) he criticized and blamed Plaintiff for actions for which he did not criticize or blame non-African Americans; (3) he offered African

1

Americans "fried chicken from Bojangles" to motivate them; (4) he called an African-American employee a "bitch" even though he did not call non-African Americans such terms; (5) he suggested that an African-American employee would have to work at a strip club were it not for her employment with Defendant and did not make such a suggestion to non-African-American employees. *See id.* ¶ 8. Swygert told Plaintiff on September 27, 2012 that she was being fired for poor performance.

Plaintiff initially filed this case in state court. Defendant removed it on July 17, 2013. Plaintiff eventually filed an Amended Complaint, which is the controlling pleading. Doc. No. 8. Defendant filed a Motion to Dismiss. Doc. No. 10. Defendant argues that Plaintiff has failed to state a facially plausible racial discrimination claim. Specifically, Defendant contends that Plaintiff has not adequately pleaded a prima facie case because she has not identified a similarly situated non-African-American employee who was not fired. Defendant also argues that Plaintiff's hostile work environment claim fails, insofar as one can even conclude that she has asserted one. The Amended Complaint does not reflect that Plaintiff has asserted a hostile work environment claim, and Plaintiff does not argue otherwise in her Opposition. Therefore, the Court need not consider this issue further and considers whether Plaintiff has stated a facially plausible racial discrimination claim under Title VII and the Prince George's County Code.

## II.     STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of

entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. LEGAL ANALYSIS

### A. Motion to Dismiss

#### 1. Title VII

"[U]nder the *McDonnell Douglas* framework, a Title VII plaintiff relying on indirect evidence must establish a prima facie case of discrimination by showing that (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005)

(citation and internal quotation marks omitted). This is the general rule; there is no categorical requirement that the plaintiff show that the position remained open or was filled by a similarly qualified applicant outside the protected class to state a prima facie case of racial discrimination. *See id.* at 486–87 & n.3; *see also Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978) ("The method suggested in *McDonnell Douglas* . . . was never intended to be rigid, mechanized, or ritualistic."); *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003) ("Plaintiffs are not required as a matter of law to point to a similarly situated comparator to succeed on a discrimination claim."). In appropriate cases, courts may find that the plaintiff has stated a prima facie case despite failing to identify a similarly situated comparator where the plaintiff's evidence supports an inference of discrimination. *See Miles*, 429 F.3d at 487–88. This is especially true at the pleading stage because, to survive a motion to dismiss, pleadings need not invariably "contain specific facts establishing a prima facie case of discrimination under the framework set forth [in *McDonnell Douglas*]." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 (2002); *see also Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("The burden of establishing a prima facie case of disparate treatment is not onerous.").

In this case, Plaintiff has stated a facially plausible racial discrimination claim under Title VII. As to element (1) of the prima facie case, there is no dispute that Plaintiff is in a protected class. Plaintiff has pleaded that Defendant fired her, thereby satisfying element (2). As regards element (3), Plaintiff's allegations support a plausible inference that she was meeting Defendant's legitimate expectations when it fired her. Plaintiff alleges that Pugh, her former supervisor, considered her to be a competent employee who performed her job duties satisfactorily. Plaintiff also alleges that she had multiple responsibilities and was performing them satisfactorily at the time of termination. Concerning element (4), although Plaintiff has not

technically identified a similarly situated comparator, Plaintiff's allegations support a plausible inference that Swygert used racially charged language and directed such language only at African Americans, including Plaintiff. Therefore, assuming the truth of Plaintiff's allegations and construing them in the most favorable light, one could plausibly infer that Swygert harbored impermissible racial animus against Plaintiff that motivated him to fire her. Consequently, although the Amended Complaint is no model of strength, it is plausible that Plaintiff could ultimately prevail on her discriminatory discharge claim with the benefit of discovery. Accordingly, the Court denies Defendant's Motion to Dismiss as to Plaintiff's Title VII racial discrimination claim.

### 2. *Prince George's County Code*

Plaintiff's racial discrimination claim under the Prince George's County Code duplicates her Title VII claim. Defendant did not seek dismissal of this claim on grounds separate from those on which it sought dismissal of Plaintiff's Title VII claim. Because the Court held that Plaintiff stated a cognizable Title VII claim, it declines to dismiss Plaintiff's analogous claim under the Prince George's County Code. *See Bryan v. Prince George's County*, *Md.*, Civil Action No. DKC 10–2452, 2011 WL 2650759, at *8–9 (D. Md. July 5, 2011); *cf. Heiko v. Colombo Savings Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006); *Rodriguez v. Cellco P'ship*, Civil No. WDQ–11–3299, 2012 WL 2904809, at *3 n.9 (D. Md. July 13, 2012) (citation omitted).

## B. Motion for Leave to File Surreply

There is no need to consider Plaintiff's Motion for Leave to File Surreply because the Court denied Defendant's Motion to Dismiss. Therefore, the Court denies as moot the Motion for Leave.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss and **DENIES AS MOOT** Plaintiff's Motion for Leave. A separate Order follows. The Court will issue a Scheduling Order.

| | |
|---|---|
| December 6, 2013 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |